## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**WILLIE JAMES MITCHUM,**

      **Plaintiff,**

**vs.**                                  **Case No. 4:11cv273-MP/WCS**

**A. KIRKLAND,**
**AND DR. BLANKENSHIP,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Summons was returned executed for Defendant Blankenship. Doc. 27. The Defendant was served on October 27, 2011, and a response was due 21 days later, which was November 17, 2011. *See* doc. 19, p. 2. Nothing was filed on behalf of Defendant Blankenship and that Defendant is in default.

Nevertheless, Defendant Kirkland had filed a motion to dismiss. Doc. 25. The motion seeks dismissal because Plaintiff failed to disclose all prior litigation and because he failed to properly exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). *Id.* Plaintiff was directed to file a response in opposition to that motion, doc. 26, and his response is now before me. Doc. 29.

Plaintiff contends that he did not intentionally fail to disclose his prior litigation, but states that because he is illiterate, he "could not understand what the form meant." Doc. 29, p. 2.  Plaintiff understood the questions on the complaint form as only requesting information on whether he had filed a prior case "pertaining to issues that are of the exact same nature" or issues.  *Id.*  Plaintiff acknowledges that he submitted "multiple sick-call requests" and as shown by attachments to his complaint, submitted an informal grievance, then submitted a formal grievance to the Department of Inmate Grievances, Tallahassee, Florida."  *Id.*, at 1-2.  Plaintiff states that his formal grievance was dated received on March 2, 2011, and it was denied on March 7, 2011.  Doc. 29, p. 2.  Plaintiff also argues he "was entitled to pass the Formal Grievance procedure" and file a grievance of an emergency nature.  *Id.*, at 3.

**Plaintiff's grievances**

The motion to dismiss provides evidence that Plaintiff filed an "administrative appeal logged number 11-6-06700 regarding alleged treatment of his constipation, bloody stools, and spitting up blood on March 2, 2011."  Doc. 25, p. 2; *see* exhibits 1 and 2.  Plaintiff's appeal was not in compliance with the rules because he *either* failed to provide the Bureau of Grievance Appeals with a copy of the formal grievance which he was appealing, *or* he failed to provide "an acceptable reason for by-passing that level of the grievance procedure."  *Id.*  That grievance appeal was returned to Plaintiff without action and he was advised to resubmit his grievance in compliance with Chapter 33-

103.  Plaintiff failed to submit any other grievance appeals concerning those issues, but instead, initiated this civil rights action on June 3, 2011.  Doc. 1.[1]

**Exhaustion**

When the Prison Litigation Reform Act was enacted, Congress mandated that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of § 1997e(a) is mandatory for all prisoners bringing a claim pursuant to § 1983.  Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998).  The exhaustion requirement of § 1997e(a) is not jurisdictional, however.  Bryant v. Rich, 530 F.3d 1368, 1374 n.10 (11th Cir.), *cert. denied*, 129 S.Ct. 733 (2008) (citing Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2392, 165 L.Ed.2d 368 (2006)).  The court lacks discretion to waive this requirement or provide a continuance of prisoner litigation if a claim has not been exhausted prior to filing.  Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). The Court may not consider the adequacy or futility of administrative remedies, but only the availability of such.  Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000),

---

[1] When Plaintiff initiated this case, doc. 1, he submitted numerous sick call requests and inmate requests as attachments to his complaint.  Doc. 1-2.  Also attached is Plaintiff's grievance appeal to the Secretary's Office, and the denial of that appeal. Doc. 1-2, pp. 4-6.

*citing* Alexander, 159 F.3d at 1323.  Even where an inmate seeks only monetary

damages in a civil rights case, he must complete the prison administrative process if it

could provide some sort of relief on the complaint although no money could be given

administratively.  Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d

958 (2001).  "Requiring exhaustion allows prison officials an opportunity to resolve

disputes concerning the exercise of their responsibilities before being haled into court."

Jones v. Bock, 549 U.S. 199, 204-209, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007)[2].

Furthermore, clearly established law requires that prisoners must also comply

with the process set forth and established by the grievance procedures.  *See* Miller v.

Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999).  In other words, not only must a prisoner

exhaust a claim under § 1997e(a), the "PLRA exhaustion requirement requires proper

exhaustion."  Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387 (2006)

(concluding that "proper exhaustion" means complying with the specific prison

grievance requirements, not judicially imposed requirements).  Even if a grievance is

initially denied as untimely, a prisoner must appeal the denial of the grievance.  *See*

Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999)(noting Georgia's inmate grievance

procedures allow "the grievance coordinator to waive the time period for filing a

grievance if 'good cause' is shown"); Bryant v. Rich, 530 F.3d at 1373.

Defendants "bear the burden of proving that the plaintiff has failed to exhaust his

available administrative remedies."  Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th

---

[2] The Court further rejected the view of the Sixth Circuit when it concluded that "nothing in the statute [§ 1997e(a)] imposes a 'name all defendants' requirement." Jones v. Bock, 549 U.S. at 217-219, 127 S.Ct. at 922-923 (concluding "that exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances.").

Cir. 2008), *relying on* Jones v. Bock, 549 U.S. 199, 127 S.Ct. at 910, 921, 166 L.Ed.2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Dixon v. United States, 548 U.S. 1, 8, 126 S.Ct. 2437, 2443, 165 L.Ed.2d 299 (2006) (stating that, as a "general evidentiary rule," the burdens of production and persuasion are given to the same party); Roberts v. Barreras, 484 F.3d 1236, 1240 (10th Cir. 2007) ("Jones does not spell out the proper burden of proof to use in evaluating exhaustion claims, but circuits that treated exhaustion as an affirmative defense prior to Jones have all put the burden of proof on defendants, to the extent that they addressed the issue.").  Here, Defendants have met their burden and shown[3] that Plaintiff did not exhaust administrative remedies prior to initiating this case.  Plaintiff was advised of his obligation to respond to the motion to dismiss and demonstrate exhaustion if he could.  Plaintiff has not been able to do so and, indeed, concedes he did not properly exhaust administrative remedies.

Plaintiff is housed within the Florida Department of Corrections which has an administrative grievance program, FLA. ADMIN. CODE R. 33-103.  There are three steps that are required to exhaust a claim in the grievance process: (1) an informal grievance; (2) a formal grievance; and (3) a grievance appeal.

_____

[3] Even though evidence may be presented to support or refute a contention that a prisoner has not exhausted the grievance process, exhaustion is a "matter in abatement and not generally an adjudication on the merits," thus, it should be raised and treated as a motion to dismiss, not a summary judgment motion.  Bryant, 530 F.3d at 1374-75.  The Court must assure that a prisoner-plaintiff has fair notice of the opportunity to develop a record to show he or she has exhausted available remedies. When motions to dismiss are based on issues not enumerated under Rule 12(b), then Rule 43(c) governs "which permits courts to hear evidence outside of the record on affidavits submitted by the parties."  Bryant, 530 F.3d at 1377, n.16.

Case 4:11-cv-00273-MP-WCS   Document 30   Filed 11/30/11   Page 6 of 6

Page 6 of 6

Plaintiff did not provide evidence of having filed either an informal grievance or a formal grievance.  The only evidence presented here and, therefore, undisputed, is that Plaintiff filed an appeal on or about March 2, 2011, complaining of his health issues. Doc. 1-2, p. 4.  That appeal was denied because it did not comply with the rules.  *Id.*, at 6.  Plaintiff did not correct the deficiency and his claims are unexhausted.  Because Plaintiff did not properly exhaust administrative remedies, this Court has no choice but to grant the motion to dismiss.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, doc. 26, be **GRANTED** and Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on November 30, 2011.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:11cv273-MP/WCS